UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WILLIAM ZOZAYA and CANDACE (SORENSON) ZOZAYA,

        Plaintiff,

  v.

SELECT PORTFOLIO SERVICING, INC.; HOME LOAN SERVICES, INC.; FIRST FRANKLIN FINANCIAL CORP., a division of National City Bank of Indiana; MORTGAGE ELECTRONIC REGISTRATION, SYSTEMS, INC.; HOUSEHOLD FINANCE CORPORATION, WILLIAM DAVID DALLAS; LORI TWARDUS; and DOES 1 TO 20,

        Defendants.

NO. 2:09-cv-02824 FCD DAD

ORDER

----oo0oo----

The court has reviewed defendants' notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441 based on federal question jurisdiction.  Generally, all defendants who have been served must either consent to or join the removal proceedings.  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); see 28 U.S.C. §

1446.  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under § 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal."  <u>Prize v. Matrix, Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999).  Absent such explanation, the removal notice is "facially deficient."  <u>See</u> <u>id.</u>  While defendants represent that they are "diligently attempting to contact William David Dallas and Lori Twardus" to obtain their consent, they have failed to proffer any legally sufficient basis to excuse the rule of unanimity.  Additionally, defendants completely fail to explain the absence of Household Finance Corporation.  <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 (9th Cir. 1988) ("Ordinarily under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown, or fraudulently joined parties.")  Accordingly, the court REMANDS this action back to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: October 21, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE